USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1972 PAMELA PIPER, Plaintiff, Appellant, v. SHIRLEY S. CHATER, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Jonathan P. Baird on brief for appellant. _________________ Paul M. Gagnon, United States Attorney, David L. Broderick, ________________ ___________________ Assistant United States Attorney, and Wayne G. Lewis, Assistant ________________ Regional Counsel, Social Security Administration, on brief for appellee. ____________________ February 10, 1998 ____________________ Per Curiam. Pamela Piper, who suffers from urinary __________ incontinence and other impairments, appeals from the district court's judgment upholding the denial of her application for Social Security benefits by the Commissioner of Social Security. After a careful review of the record, we affirm, essentially for the reasons given in the district court's opinion. The following addresses only the most significant issue raised by appellant.  Piper objects to the hypothetical posed by the administrative law judge (ALJ) at her disability hearing. She contends that the ALJ erred in postulating an individual who needed to use the bathroom "at will." Although the vocational expert (VE) originally testified that such an individual could perform certain sedentary and light jobs, the VE later clarified that the individual could not do so if the bathroom trips were "frequent," i.e., took place ten or more times per eight-hour work day in addition to breaks and lunch, or more than once per hour in addition to breaks and lunch. In his opinion, the ALJ used the ambiguous "at will" language in describing Piper's limitations and did not make an express finding on the critical question whether Piper's use of the bathroom was frequent. See Ellison v. Sullivan, ___ _______ ________ 921 F.2d 816, 822 (8th Cir. 1990) (an ALJ may not ignore a -2- "critical assumption" underlying a vocational expert's testimony). Like the district court, we conclude that the ALJ implicitly and supportably determined that Piper did not use the bathroom so frequently as to preclude employment. Based on her treatment and employment history, activities and reported tendency to exaggerate her symptoms, the ALJ was warranted in concluding that her need for bathroom breaks was below the more than one time per hour figure which the VE said would compromise her ability to work. It was the ALJ's responsibility to determine issues of credibility and to draw inferences from the record evidence. See Irlanda Ortiz v. ___ _____________ Secretary of Health & Human Services, 955 F.2d 765, 769 (1st _____________________________________ Cir. 1991) (given the claimant's treatment history and the medical evidence, the ALJ did not err in deciding that the claimant's complaints were not credible "to the extent alleged").  Affirmed. _________ -3-